IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MERCEDES BASILIO,** : | |
| **INDIVIDUALLY AND ON BEHALF** : | |
| **OF HER MINOR CHILDREN B.M. AND** : | |
| **M.M., AND** : | **CIVIL ACTION 10-1281** |
| **DELORES ADELAIDA BASILIO** : | |
| **PERALTA** : | |
| Plaintiffs, : | |
| : | |
| V. : | |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| Defendants. : | |
| : | |

**ORDER**

**AND NOW**, this _____ day of _____, 2012, upon consideration of Defendant, the City of Philadelphia's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c), it is hereby **ORDERED** that Defendants' Motion is **GRANTED**. Plaintiff's claims against the City of Philadelphia are **DISMISSED WITH PREJUDICE**.

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MERCEDES BASILIO, : | |
| INDIVIDUALLY AND ON BEHALF : | |
| OF HER MINOR CHILDREN B.M. AND : | |
| M.M., AND : | CIVIL ACTION 10-1281 |
| DELORES ADELAIDA BASILIO : | |
| PERALTA : | |
|     Plaintiffs, : | |
| : | |
| V. : | |
| : | |
| CITY OF PHILADELPHIA, et al., : | |
|     Defendants. : | |

## DEFENDANT CITY OF PHILADELPHIA'S
## MOTION FOR SUMMARY JUDGMENT

Defendant, the City of Philadelphia, hereby files this Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

1. Pursuant to Local Rule 7.1(c) defendant incorporates by reference the attached Memorandum of Law as though fully set forth at length.

                                BY:   */s/ Armando Brigandi*
                                              ARMANDO BRIGANDI
                                              Divisional Deputy City Solicitor
                                              14th Floor, One Parkway Building
                                              1515 Arch Street
                                              Philadelphia, PA  19102-5397

DATED: December 15, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MERCEDES BASILIO, : | |
| INDIVIDUALLY AND ON BEHALF : | |
| OF HER MINOR CHILDREN B.M. AND : | |
| M.M., AND : | CIVIL ACTION 10-1281 |
| DELORES ADELAIDA BASILIO : | |
| PERALTA : | |
|     Plaintiffs, : | |
| : | |
| V. : | |
| : | |
| CITY OF PHILADELPHIA, et al., : | |
|     Defendants. : | |
| : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, THE CITY OF PHILADELPHIA' MOTION FOR SUMMARY JUDGMENT**

Defendant, the City of Philadelphia hereby moves for summary judgment on all claims made by Plaintiffs against the City of Philadelphia. As fully set forth herein, Plaintiffs' civil rights claims against the City of Philadelphia can survive summary judgment only if Plaintiffs can establish that the City of Philadelphia, through a custom, policy or practice, has exhibited deliberate indifference to the constitutional rights of Plaintiffs. In this case, Plaintiffs have adduced no such evidence.

Accordingly, summary judgment should be entered in favor of defendant, the City of Philadelphia.

I. **STATEMENT OF FACTS**

For the purpose of this Motion for Summary Judgment only, the City of Philadelphia adopts and hereby fully incorporates the Statement of Facts contained in Defendants Michael Brown, Steven Dmytryk, Mark Palma, Jaime Brown, George Burgess, Jeffrey Cujdik, Thomas

Tolstoy, Hattie McKeller, Mario Cruz, Richard Cujdik, and Thomas Kuhn's Memorandum of Law in Support of Their Motion For Summary Judgment, filed contemporaneously with this motion.  See Statement of Facts to Individual Police Officer Defendants' Motion for Summary Judgment.

## II.     PROCEDURAL HISTORY

Plaintiffs instituted this lawsuit on March 24, 2010 by filing a Complaint in the Eastern District of Pennsylvania, whereby the City of Philadelphia was named as a defendant.  On June 1, 2010 Plaintiffs filed an Amended Complaint whereby additional police officers were added as defendants.  In their Amended Complaint, Plaintiffs allege in Count III that the City has maintained a pattern and practice of allowing its police officers to conduct unreasonable search warrants, in violation of citizens' Fourth and Fourteenth Amendment rights under the United States Constitution.  See Complaint, Count III.   More specifically, as against the City of Philadelphia, Plaintiffs allege that the City of Philadelphia permitted its police officers "to execute search warrants in an unreasonable manner, which includes destroying personal property, ruining personal belongings, and disrupting the homes and businesses of citizens in violation of the Fourth and Fourteenth Amendments of the United States Constitution". See Complaint, Count III.

Per the Court's Scheduling Order, discovery in this matter closed on October 31, 2012.  Accordingly, this matter is ripe for summary judgment.

### III.  SUMMARY JUDGMENT STANDARD

The court shall render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  A factual dispute is "material" only if it might affect the outcome of the suit under governing law.  Id.  All inferences must be drawn, and all doubts resolved in favor of the non-moving party.  See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985).

When moving for summary judgment, the moving party bears the initial burden of identifying those portions of the record that he believes demonstrate the absence of material fact disputes.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To defeat summary judgment, the non-moving party must respond with facts of record that contradict the facts identified by the moving party, and may not rest on mere denials.  See id. at 321 n.3; First Natl. Bank of Pa. v. Lincoln Natl. Life Ins. Co., 824 F.2d 277, 282 (3d Cir. 1987).

In a case where the non-moving party is the plaintiff and therefore bears the burden of proof, the non-moving party must, by affidavits or by the depositions and admissions on file, "make a showing sufficient to establish the existence of [every] element essential to that party's case."  Celotex, 477 U.S. at 322-24.  The non-moving party must adduce more than a mere scintilla of evidence in her favor to defeat the moving party's summary judgment motion.  See Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460 (3d Cir. 1989).  Although all justifiable inferences must be drawn in favor of the non-moving party, the "moving party is

entitled to summary judgment where no reasonable resolution of conflicting evidence and inferences therefrom could result in a judgment for the non-moving party." Schwartz v. Hospital of Univ. of Pa., 1993 U.S. Dist. LEXIS 6108 at *6 (E.D. Pa. May 7, 1993).  **Furthermore, "[p]laintiff cannot "simply reassert factually unsupported allegations in its pleadings."** Poles v. St. Joseph's Univ., 1995 U.S. Dist. LEXIS 13145 at *14 (E.D. Pa. September 11, 1995) citing Celotex, 477 U.S. at 325 (emphasis added).  "Plaintiff must present affirmative **evidence** in order to defeat [a] properly supported motion for [summary] judgment."  Id. (emphasis added).

## IV. LEGAL ARGUMENT

### A. PLAINTIFFS HAVE FAILED TO ESTABLISH A VIABLE CAUSE OF ACTION AGAINST THE CITY OF PHILADELPHIA UNDER 42 U.S.C. § 1983

There is no *respondeat superior* liability under Section 1983.  A municipality can only be liable under § 1983 when the municipality itself causes the complained-of violation.  Monell v. Department of Social Services, 436 U.S. 658 (1978).  To prevail against the City of Philadelphia under § 1983, the plaintiff must prove that his rights were "violated as a result of a municipal policy or custom of deliberate indifference" to the rights of its citizens.  Estate of Henderson v. City of Philadelphia, 1999 U.S. Dist. LEXIS 10367 *54-55 (E.D. Pa. 1999) (citing Simmons v. City of Philadelphia, 947 F.2d 1042, 1064 (3d Cir. 1991)). Under Monell, a municipality may be liable under § 1983 if its policy or well-settled custom causes a constitutional injury.  Monell, 436 U.S. at 694.  "A plaintiff seeking damages from a municipality must prove that municipal policymakers established or maintained a policy or custom which caused a municipal employee to violate the plaintiff's constitutional rights; the policy must be the "moving force" behind the constitutional tort."  Estate of Henderson, 1999 U.S. Dist. LEXIS 10367 at *55.

To establish municipal liability under Monell, "a plaintiff must identify the challenged policy, attribute it to the city itself, and show a causal link between the execution of the policy and the injury suffered." Losch v. Borough of Parkesburg, 736 F.2d 903, 910 (3d Cir. 1984); Martin v. City of Philadelphia, et al, 2000 U.S. Dist. Lexis 10242, at *17 (E.D. Pa. 2000). Furthermore, the plaintiff must "present scienter-like evidence of indifference on the part of a particular policymaker or policymakers." Simmons, 947 F.2d at 1060-61. "The requirement of producing scienter-like evidence on the part of an official with policymaking authority is consistent with the conclusion that absent the conscious decision or deliberate indifference of some natural person, a municipality, as an abstract entity, cannot be deemed to have engaged in a constitutional violation by virtue of a policy, a custom, or [practice]." Id. at 1063. In addition, "in the absence of any unconstitutional statute or rule, it is plaintiffs' burden to articulate a factual basis that demonstrates considerably more proof than a single incident." House v. New Castle County, 824 F.Supp. 477, 486 (D.Del. 1993) (citing Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985) (a single prior incident is insufficient as a matter of law to establish liability on the part of a municipality to take preventive action).

In the instant action, absent any evidence of a widespread pattern of deliberate indifference, Plaintiff's municipal liability claim must fail. Groman v. Township of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995) (dismissing § 1983 action against municipality because the basis for liability consisted primarily of "vague assertions about the police department's failure to investigate other wrongdoings" and the incident in the case itself); Heron v. City of Philadelphia, 987 F. Supp. 400, 404 (E.D. Pa. 1997) (dismissing excessive force claim for failure to show testimony or evidence demonstrating policymaker's awareness of questionable policy).

Plaintiffs aver in their Complaint that the City of Philadelphia has a pattern or practice of allowing its officers to execute search warrants in an unreasonable manner, which includes destroying personal property, ruining personal belongings, and disrupting the homes and businesses of citizens in violation of the Fourth and Fourteenth Amendments of the United States Constitution. See Complaint ¶ 94. Plaintiffs also aver that the City of Philadelphia, "routinely executes search warrants in an unreasonable manner that causes unnecessary destruction of property."

Plaintiffs cannot produce any evidence to show that the City of Philadelphia has an unconstitutional policy regarding the execution of search warrants by its police officers. Plaintiffs cannot produce any evidence to show that the City has failed to train its officers properly in the execution of search warrants, or that the City permits officers to violate citizens' Constitutionally-protected rights in any manner. Plaintiffs cannot produce any evidence whatsoever to show that the underlying incident was a result of any policy, practice, or custom. Likewise, Plaintiffs have no evidence to show that the City of Philadelphia Police Department has an inadequate system of review of police conduct. Finally, Plaintiffs have produced no affirmative evidence that the City's alleged polices were a substantial factor in causing their alleged injuries. For these reasons, judgment should be entered in favor of the Defendant, City of Philadelphia, on Plaintiff's constitutional claims pursuant to 42 U.S.C. § 1983.

V. **CONCLUSION**

For all the foregoing reasons, Plaintiffs' claims against the City of Philadelphia should be dismissed with prejudice.

                                                  BY:    */s/ Armando Brigandi*
                                                                    ARMANDO BRIGANDI
                                                                    Divisional Deputy City Solicitor
                                                                    14th Floor, One Parkway Building
                                                                    1515 Arch Street
                                                                    Philadelphia, PA  19102-5397

DATED: December 15, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MERCEDES BASILIO,** : | |
| **INDIVIDUALLY AND ON BEHALF** : | |
| **OF HER MINOR CHILDREN B.M. AND** : | |
| **M.M., AND** : | **CIVIL ACTION 10-1281** |
| **DELORES ADELAIDA BASILIO** : | |
| **PERALTA** : | |
| Plaintiffs, : | |
| : | |
| V. : | |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| Defendants. : | |
| : | |

**CERTIFICATE OF SERVICE**

     I hereby certify that the foregoing Motion For Summary Judgment and Memorandum of Law in Support thereof of defendants the City of Philadelphia, was electronically filed, and is available for viewing and downloading via the Court's ECF system.  I further certify that I directed that a true and correct copy of the foregoing Motion For Summary Judgment and Memorandum of Law in Support thereof should be served upon the following individual via first class mail, postage prepaid, as follows:

**TO:**    Clifford E. Haines, Esq.
        Lauren A. Cates, Esq.
        Haines & Associates
        1835 Market Street, Suite 2420
        Philadelphia, PA  19103

        **Counsel for Plaintiff**


                                                         _/s/ Armando Brigandi_
                                                        ARMANDO BRIGANDI
                                                        Divisional Deputy City Solicitor

DATED: December 15, 2012